UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | NO. 1:18-CR-151 |
| | : | |
| v. | : | (JUDGE RAMBO) |
| | : | |
| **HAIXI SHENG,** | : | (electronically filed) |
| Defendant. | : | |

## PLEA AGREEMENT

The following Plea Agreement is entered by the United States
Attorney for the Middle District of Pennsylvania and the above-
captioned defendant. Any reference to the United States or to the
Government in this Agreement shall mean the Office of the United
States Attorney for the Middle District of Pennsylvania.

## A. Violation(s), Penalties, and Dismissal of Other Counts

1. Guilty plea. The defendant agrees to plead guilty to Count 1 of
   the Indictment, which charges the defendant with a violation of
   Title 18, United States Code, § 554(a), Smuggling Goods from
   the United States. The maximum penalty for that offense is
   imprisonment for a period of 10 years, a fine of $250,000, a
   maximum term of supervised release of 3 years, which shall be
   served at the conclusion of, and in addition to, any term of

imprisonment, as well as the costs of prosecution,

imprisonment, probation, or supervised release ordered, denial

of certain federal benefits, and an assessment in the amount of

$100. At the time the guilty plea is entered, the defendant shall

admit to the court that the defendant is, in fact, guilty of the

offense(s) charged in that count. After sentencing, the United

States will move for dismissal of any remaining counts of the

indictment. The defendant agrees, however, that the United

States may, at its sole election, reinstate any dismissed charges,

or seek additional charges, in the event that any guilty plea

entered or sentence imposed pursuant to this Agreement is

subsequently vacated, set aside, or invalidated by any court.

The defendant further agrees to waive any defenses to

reinstatement of any charges, or to the filing of additional

charges, based upon laches, the assertion of speedy trial rights,

any applicable statute of limitations, or any other ground. The

calculation of time under the Speedy Trial Act for when trial

must commence is tolled as of the date of the defendant's
signing of this Plea Agreement.

2.  Term of Supervised Release.  The defendant understands that
the court must impose a term of supervised release following
any sentence of imprisonment exceeding one year, or when
required by statute.  The court may require a term of supervised
release in any other case.  In addition, the defendant
understands that as a condition of any term of supervised
release or probation, the court must order that the defendant
cooperate in the collection of a DNA sample if the collection of a
sample is so authorized by law.

3.  No Further Prosecution, Except Tax Charges.  The United
States Attorney's Office for the Middle District of Pennsylvania
agrees that it will not bring any other criminal charges against
the defendant directly arising out of the defendant's
involvement in the offense(s) described above.  However,
nothing in this Agreement will limit prosecution for criminal tax
charges, if any, arising out of those offenses.

3

## B.  Fines and Assessments

4.  Fine.  The defendant understands that the court may impose a fine pursuant to the Sentencing Reform Act of 1984.  The willful failure to pay any fine imposed by the court, in full, may be considered a breach of this Plea Agreement.  Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, § 3611, et seq.

5.  Alternative Fine.  The defendant understands that under the alternative fine section of Title 18, United States Code, § 3571, the maximum fine quoted above may be increased if the court finds that any person derived pecuniary gain or suffered pecuniary loss from the offense and that the maximum fine to be imposed, if the court elects to proceed in this fashion, could be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

4

6. <u>Inmate Financial Responsibility Program</u>. If the court orders a fine or restitution as part of the defendant's sentence, and the sentence includes a term of imprisonment, the defendant agrees to voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect up to 50% of the defendant's prison salary, and up to 50% of the balance of the defendant's inmate account, and apply that amount on the defendant's behalf to the payment of the outstanding fine and restitution orders.

7. <u>Special Assessment</u>. The defendant understands that the court will impose a special assessment of $100, pursuant to the provisions of Title 18, United States Code, § 3013. No later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court, Middle District of Pennsylvania. If the defendant intentionally fails to make this payment, that failure may be treated as a breach of

this Plea Agreement and may result in further prosecution, the filing of additional criminal charges, or a contempt citation.

8. Collection of Financial Obligations. In order to facilitate the collection of financial obligations imposed in connection with this case, the defendant consents and agrees:

   a. to fully disclose all assets in which the defendant has an interest or over which the defendant has control, directly or indirectly, including those held by a spouse, nominee, or other third party;

   b. to submit to interviews by the Government regarding the defendant's financial status;

   c. to submit a complete, accurate, and truthful financial statement, on the form provided by the Government, to the United States Attorney's Office no later than 14 days following entry of the guilty plea;

   d. whether represented by counsel or not, to consent to contact by and communication with the Government, and to waive any prohibition against communication with a represented

6

party by the Government regarding the defendant's

financial status;

e.  to authorize the Government to obtain the defendant's

credit reports in order to evaluate the defendant's ability to

satisfy any financial obligations imposed by the court; and

f.  to submit any financial information requested by the

Probation Office as directed, and to the sharing of financial

information between the Government and the Probation

Office.

## C.  Sentencing Guidelines Calculation

9.  Determination of Sentencing Guidelines.  The defendant and

counsel for both parties agree that the United States Sentencing

Commission Guidelines, which took effect on November 1, 1987,

and its amendments, as interpreted by *United States v. Booker*,

543 U.S. 220 (2005), will apply to the offense or offenses to

which the defendant is pleading guilty.  The defendant further

agrees that any legal and factual issues relating to the

application of the Federal Sentencing Guidelines to the

7

defendant's conduct, including facts to support any specific

offense characteristic or other enhancement or adjustment and

the appropriate sentence within the statutory maximums

provided for by law, will be determined by the court after

briefing, a pre-sentence hearing, and/or a sentencing hearing.

10. <u>Acceptance of Responsibility– Three Levels</u>. If the defendant

can adequately demonstrate recognition and affirmative

acceptance of responsibility to the Government as required by

the Sentencing Guidelines, the Government will recommend

that the defendant receive a three-level reduction in the

defendant's offense level for acceptance of responsibility. The

third level, if applicable, shall be within the discretion of the

Government under U.S.S.G. § 3E1.1. The failure of the court to

find that the defendant is entitled to a reduction shall not be a

basis to void this Plea Agreement.

11. <u>Specific Sentencing Guidelines Recommendations</u>. The parties

acknowledge, understand, and agree that pursuant to

Sentencing Guidelines Manual § 1B1.2, the sentencing judge

may consider relevant conduct in calculating the sentencing guidelines range, even if the conduct is not subject to the offenses to which the defendant is pleading guilty. With respect to the application of the Sentencing Guidelines to the defendant's conduct, the parties agree to recommend to the sentencing court that the applicable base offense level for the offense charged in count one is six under Sentencing Guidelines Manual § 2Q2.1; a two-level increase under Sentencing Guidelines Manual § 2Q2.1(b)(1) applies because the offense was committed for pecuniary gain; and an additional eight-level increase under Sentencing Guidelines Manual § 2Q2.1 and § 2B1.1 applies because the market value of the wildlife involved exceeds $95,000. Each party reserves the right to make whatever remaining arguments it deems appropriate with regard to application of the United States Sentencing Commission Guidelines to the defendant's conduct. The parties agree that a sentence within this range of the Sentencing Guidelines is a reasonable sentence under the facts and

9

circumstances of this case. The defendant understands that none of these recommendations is binding upon either the court or the United States Probation Office, which may make different findings as to the application of the Sentencing Guidelines to the defendant's conduct. The defendant further understands that the United States will provide the court and the United States Probation Office all information in its possession that it deems relevant to the application of the Sentencing Guidelines to the defendant's conduct.

## D. **Sentencing Recommendation**

12. Appropriate Sentence Recommendation. At the time of sentencing, the United States may make a recommendation that it considers appropriate based upon the nature and circumstances of the case and the defendant's participation in the offense, and specifically reserves the right to recommend a sentence up to and including the maximum sentence of imprisonment and fine allowable, together with the cost of prosecution.

10

13. <u>Special Conditions of Probation/Supervised Release</u>.  If

probation or a term of supervised release is ordered, the United

States may recommend that the court impose one or more

special conditions, including but not limited to the following:

a.  The defendant be prohibited from possessing a firearm or

other dangerous weapon.

b.  The defendant make restitution, if applicable, the payment

of which shall be in accordance with a schedule to be

determined by the court.

c.  The defendant pay any fine imposed in accordance with a

schedule to be determined by the court.

d.  The defendant be prohibited from incurring new credit

charges or opening additional lines of credit without

approval of the Probation Office unless the defendant is in

compliance with the payment schedule.

e.  The defendant be directed to provide the Probation Office

and the United States Attorney access to any requested

financial information.

11

f.   The defendant be confined in a community treatment center, halfway house, or similar facility.

g.   The defendant be placed under home confinement.

h.   The defendant be ordered to perform community service.

i.   The defendant be restricted from working in certain types of occupations or with certain individuals, if the Government deems such restrictions to be appropriate.

j.   The defendant be directed to attend substance abuse counseling, which may include testing to determine whether the defendant is using drugs or alcohol.

k.   The defendant be directed to attend psychiatric or psychological counseling and treatment in a program approved by the Probation Officer.

l.   The defendant be denied certain federal benefits including contracts, grants, loans, fellowships and licenses.

m.   The defendant be directed to pay any state or federal taxes and file any and all state and federal tax returns as required by law.

12

E. **Information Provided to Court and Probation Office**

14. Background Information for Probation Office. The defendant understands that the United States will provide to the United States Probation Office all information in its possession that the United States deems relevant regarding the defendant's background, character, cooperation, if any, and involvement in this or other offenses.

15. Objections to Pre-Sentence Report. The defendant understands that pursuant to the United States District Court for the Middle District of Pennsylvania "Policy for Guideline Sentencing" both the United States and defendant must communicate to the Probation Officer within 14 days after disclosure of the pre-sentence report any objections they may have as to material information, sentencing classifications, sentencing guideline ranges, and policy statements contained in or omitted from the report. The defendant agrees to meet with the United States at least five days prior to sentencing in a good faith attempt to resolve any substantive differences. If any issues remain

13

unresolved, they shall be communicated to the Probation Officer for inclusion in an addendum to the pre-sentence report. The defendant agrees that unresolved substantive objections will be decided by the court after briefing, or a pre-sentence hearing, or at the sentencing hearing where the standard or proof will be a preponderance of the evidence, and the Federal Rules of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the court may consider any reliable evidence, including hearsay. Objections by the defendant to the pre-sentence report or the court's rulings, will not be grounds for withdrawal of a plea of guilty.

16. Relevant Sentencing Information. At the sentencing, the United States will be permitted to bring to the court's attention, and the court will be permitted to consider, all relevant information about the defendant's background, character and conduct, including the conduct that is the subject of the charges that the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any. The United

14

States will be entitled to bring to the court's attention and the court will be entitled to consider any failure by the defendant to fulfill any obligation under this Agreement.

17. <u>Non-Limitation on Government's Response</u>.  Nothing in this Agreement shall restrict or limit the nature or content of the United States' motions or responses to any motions filed on behalf of the defendant.  Nor does this Agreement in any way restrict the government in responding to any request by the court for briefing, argument or presentation of evidence regarding the application of Sentencing Guidelines to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

## F. <u>Court Not Bound by Plea Agreement</u>

18. <u>Court Not Bound by Terms</u>.  The defendant understands that the court is not a party to and is not bound by this Agreement, or any recommendations made by the parties.  Thus, the court is free to impose upon the defendant any sentence up to and including the maximum sentence of imprisonment for 10 years,

a fine of $250,000, a maximum term of supervised release of up to 3 years, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits, and assessments totaling $100.

19. <u>No Withdrawal of Plea Based on Sentence or Recommendations</u>. If the court imposes a sentence with which the defendant is dissatisfied, the defendant will not be permitted to withdraw any guilty plea for that reason alone, nor will the defendant be permitted to withdraw any pleas should the court decline to follow any recommendations by any of the parties to this Agreement.

## G.  Breach of Plea Agreement by Defendant

20. <u>Breach of Agreement</u>.  In the event the United States believes the defendant has failed to fulfill any obligations under this Agreement, then the United States shall, in its discretion, have the option of petitioning the court to be relieved of its obligations.  Whether the defendant has completely fulfilled all

of the obligations under this Agreement shall be determined by the court in an appropriate proceeding during which any disclosures and documents provided by the defendant shall be admissible, and during which the United States shall be required to establish any breach by a preponderance of the evidence.  In order to establish any breach by the defendant, the United States is entitled to rely on statements and evidence given by the defendant during the cooperation phase of this Agreement, if any.

21. <u>Remedies for Breach</u>.  The defendant and the United States agree that in the event the court concludes that the defendant has breached the Agreement:

    a.  The defendant will not be permitted to withdraw any guilty plea tendered under this Agreement and agrees not to petition for withdrawal of any guilty plea;

    b.  The United States will be free to make any recommendations to the court regarding sentencing in this case;

17

    c.   Any evidence or statements made by the defendant during the cooperation phase of this Agreement, if any, will be admissible at any trials or sentencings;

    d.   The United States will be free to bring any other charges it has against the defendant, including any charges originally brought against the defendant or which may have been under investigation at the time of the plea. The defendant waives and hereby agrees not to raise any defense to the reinstatement of these charges based upon collateral estoppel, Double Jeopardy, or other similar grounds.

22. <u>Violation of Law While Plea or Sentence Pending</u>. The defendant understands that it is a condition of this Plea Agreement that the defendant refrain from any further violations of state, local, or federal law while awaiting plea and sentencing under this Agreement. The defendant acknowledges and agrees that if the government receives information that the defendant has committed new crimes while awaiting plea or sentencing in this case, the government may petition the court

18

and, if the court finds by a preponderance of the evidence that the defendant has committed any other criminal offense while awaiting plea or sentencing, the Government shall be free at its sole election to either: (a) withdraw from this Agreement; or (b) make any sentencing recommendations to the court that it deems appropriate. The defendant further understands and agrees that, if the court finds that the defendant has committed any other offense while awaiting plea or sentencing, the defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this Plea Agreement, and the government will be permitted to bring any additional charges that it may have against the defendant.

## H. Deportation

23. Deportation/Removal from the United States. The defendant understands that, if defendant is not a United States citizen, deportation/removal from the United States is a possible consequence of this plea. The defendant further agrees that this matter has been discussed with counsel who has explained

the immigration consequences of this plea.  Defendant still
desires to enter into this plea after having been so advised.

a.  **Assistance in the Execution of Removal.**

    i.  The defendant agrees that if ordered removed he will
assist ICE in the execution of his removal.  Specifically,
the defendant agrees to assist ICE in the procurement of
any travel or other documents necessary for the
defendant's removal; to meet with and to cooperate with
representatives of the country or countries to which the
defendant's removal is directed; and, to execute those
forms, applications, or waivers needed to execute or
expedite the defendant's removal.  The defendant
further understands that his failure or refusal to assist
ICE in the execution of his removal shall breach this
plea agreement and may subject the defendant to
criminal penalties under Title 8, United States Code, §
1253.

    ii.

## I.  **Appeal Waiver**

24.  <u>Appeal Waiver – Direct</u>.  The defendant is aware that Title 28, United States Code, § 1291 affords a defendant the right to appeal a judgment of conviction and sentence; and that Title 18, United States Code, § 3742(a) affords a defendant the right to appeal the sentence imposed.  Acknowledging all of this, the defendant knowingly waives the right to appeal the conviction and sentence.  This waiver includes any and all possible grounds for appeal, whether constitutional or non-constitutional, including, but not limited to, the manner in which that sentence was determined in light of *United States v. Booker*, 543 U.S. 220 (2005).  The defendant further acknowledges that this appeal waiver is binding only upon the defendant and that the United States retains its right to appeal in this case.

## J.  **Other Provisions**

25.  <u>Agreement Not Binding on Other Agencies</u>.  Nothing in this Agreement shall bind any other United States Attorney's Office,

state prosecutor's office, or federal, state or local law enforcement agency.

26. <u>No Civil Claims or Suits</u>.  The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendant, arising out of the investigation, prosecution or cooperation, if any, covered by this Agreement, including but not limited to any claims for attorney's fees and other litigation expenses arising out of the investigation and prosecution of this matter.  By the defendant's guilty plea in this matter the defendant further acknowledges that the Government's position in this litigation was taken in good faith, had a substantial basis in law and fact and was not vexatious.

27. <u>Plea Agreement Serves Ends of Justice</u>.  The United States is entering into this Plea Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are

drawn, as well as the defendant's role in such offenses, thereby serving the ends of justice.

28. <u>Merger of All Prior Negotiations</u>.  This document states the complete and only Plea Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties to this Agreement and supersedes all prior understandings or plea offers, whether written or oral.  This agreement cannot be modified other than in writing that is signed by all parties or on the record in court.  No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.  Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the defendant certifies that the defendant's plea is knowing and voluntary, and is not the result of force or threats or promises apart from those promises set forth in this written Plea Agreement.

23

29. <u>Defendant is Satisfied with Assistance of Counsel</u>. The

Defendant agrees that the defendant has discussed this case

and this plea agreement in detail with the defendant's attorney

who has advised the defendant of the defendant's Constitutional

and other trial and appeal rights, the nature of the charges, the

elements of the offenses the United States would have to prove

at trial, the evidence the United States would present at such

trial, possible defenses, the advisory Sentencing Guidelines and

other aspects of sentencing, potential losses of civil rights and

privileges, and other potential consequences of pleading guilty

in this case. The defendant agrees that the defendant is

satisfied with the legal services and advice provided to the

defendant by the defendant's attorney.

30. <u>Deadline for Acceptance of Plea Agreement</u>. The original of this

Agreement must be signed by the defendant and defense

counsel and received by the United States Attorney's Office on

or before 5:00 p.m., Monday, September 24, 2018, otherwise the

offer may, in the sole discretion of the Government, be deemed withdrawn.

31. <u>Required Signatures</u>.  None of the terms of this Agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by the defendant and defense counsel and then signed by the United States Attorney or his designee.


## <u>ACKNOWLEDGMENTS</u>

I have read this agreement and carefully reviewed every part of it with my attorney.  I fully understand it and I voluntarily agree to it.

盛海夕,

Haixi Sheng
_____
27 SEP 18
Date

HAIXI SHENG
Defendant


I am the defendant's counsel.  I have carefully reviewed every part of this agreement with the defendant.  To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

27 SEP 18
Date

_____
JONATHAN W. CRISP
Counsel for Defendant

25

[   I certify that the plea agreement was read in its entirety to the defendant in the _____Mandarin_____ language and that it was a true and accurate translation.

9/28/2018
Date

_Dina Pai_

Interpreter


DAVID J. FREED
United States Attorney

12-17-18                    By:   _James Clancy_
Date

JAMES T. CLANCY
Assistant United States Attorney

BGM/18-CR-151/8/29/18
VERSION DATE: November 27, 2017

26